IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO CUARA RODRIGUEZ,<br><br>Plaintiff,<br>v.<br><br>U.S. CUSTOMS and BORDER PROTECTION, et. al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>Case No. 2:23-cv-00547<br><br>District Court Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

On August 23, 2023, the court granted Plaintiff Constantino Cuara Rodriguez's ("Plaintiff" or Mr. Rodriguez") motion for leave to proceed in forma pauperis and Plaintiff's complaint against Defendants U.S Customs and Border Protection, Ports America Corporate, American Association of Airport, U.S. Federal Reserve, Wells Fargo, Wachovia Bank, New York, Central Intelligence Agency, Federal Bureau of Investigations, CISA, Trading Commission, American Trucking, National Cannabis Industry and International Cannabis Bar (collectively "Defendants") was placed on the court docket.[1]

Because Mr. Rodriguez proceeds in forma pauperis, the court reviews the sufficiency of the pleading under the authority of 28 U.S.C. § 1915.[2] For the reasons set forth herein, the court finds the complaint deficient but allows Mr. Rodriguez to file an amended complaint to correct these deficiencies by **October 5, 2023.**

---

[1] ECF No. 4, Order Granting Leave to Proceed In Forma Pauperis; ECF No. 5, Complaint.

[2] 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] When determining whether to dismiss for failure to state a claim, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[6]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded allegations as true

---

[3] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[4] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (*citing Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[5] *Id.*

[6] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6).

[7] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8]

As a pro se litigant, the Court construes Plaintiff's complaint liberally and holds Mr. Rodriguez's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[9] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[10] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] It "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[12] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[13]

## DISCUSSION

### I.   The Complaint Fails To State A Claim Upon Which Relief May Be Granted.

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads

---

[8] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[11] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 at 1110.

[13] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d 954, 110 S. Ct. 871 (1990).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic* 550 U.S. at 570)).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

Upon review, Plaintiff's complaint lacks coherent factual allegations and fails to state a plausible claim for relief. Although Mr. Rodriguez's civil case cover sheet indicates he is bringing his action under 42 U.S.C. §§ 1983, 1985, Plaintiff fails to allege facts sufficient to support a claim under either statute.[16] Specifically, he fails to allege a "deprivation of a federal right by . . . a person acting under color of state law" as required to state a claim under section 1983,[17] or allege any conspiracy to interfere with civil rights under section 1985.[18]

In the body of the complaint, Plaintiff asserts ownership over "all trademarks hereditary [sic]of United States of America and all government entities global network"[19] and makes conclusory references to claims for violation of 5 U.S.C. § 7323 ("Hatch Act"), 21 U.S.C. § 1907 ("narcotics trafficking"), 21 U.S.C. § 960 ("foreign terrorist organization"), 76-5-308 ("human trafficking") 18 U.S.C. § 1031 ("major fraud against the United States of America"), 18 U.S.C. § 1030 ("fraud of computers"), 18 U.S.C. § 2-239 ("pyramid scheme promotional scheme"), 18 U.S.C. § 1348 ("securities and commodities fraud") and RICO charges.[20] While some of the sections may authorize private civil actions under certain circumstances,[21] Mr. Rodriguez's

---

[15] *Id.*

[16] ECF No. 5-2.

[17] *Watson v. Kan. City,* 857 F.2d 690, 694 (10th Cir. 1988).

[18] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell,* 898 F. Supp. 2d 1240, 1247 (D. N. M. 2012).

[19] *Id.* at 5.

[20] ECF No. 5 at 4.

[21] *See e.g.* 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."); 18 U.S.C. § 1031(h) ("Any individual who—(1) is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions

complaint lacks any allegations concerning fraud to which these statutes would apply and fails to allege facts sufficient to show he has standing to bring a claim under these statues. In turn, the referenced criminal statute contains no private right of action.[22]

Overall, Plaintiff's claims are unintelligible and fail to support any cognizable claims for relief. Thus, because the complaint fails to provide any factual content that allows the court to reasonably infer that the Defendants are liable for any misconduct, it is subject to dismissal.[23] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[24]

## CONCLUSION

The court ORDERS as follows:

1. Mr. Rodriguez may file an amended complaint by **October 5, 2023.** The words "Amended Complaint" should appear in the caption of the document.

---

of employment by an employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of a prosecution under this section (including investigation for, initiation of, testimony for, or assistance in such prosecution), and (2) was not a participant in the unlawful activity that is the subject of said prosecution, may, in a civil action, obtain all relief necessary to make such individual whole.").

[22] *See Heath v. Root9B*, No. 18-cv-01516-RBJ-KMT, 2019 U.S. Dist. LEXIS 34391, at *17 (D. Colo. Mar. 4, 2019) (unpublished) ("18 U.S.C. § 1348 is a criminal statute without a private right of action.").
[23] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).
[24] *Kay,* 500 F.3d at 1217 (internal quotation marks omitted).

2.	Mr. Rodriguez is advised that an amended complaint will completely replace all prior versions of the complaint and claims which are not realleged in the amended pleading will be deemed abandoned.[25]

3.	Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4.	Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's August 23, 2023, order[26] remains in place.

5.	Failure to file an amended complaint may result in dismissal of this action.

DATED this 14 September 2023.

Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

---

[25] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

[26] ECF No. 4.